UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| STEFFON GILLYARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION, a Delaware corporation,<br><br>Defendant. | No.<br><br>DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT<br><br>**[CLERK'S ACTION REQUIRED]** |

PLEASE TAKE NOTICE Defendant Federal Express Corporation ("FedEx") removes this case from the Superior Court of Washington in King County to the United States District Court for the Western District of Washington at Seattle, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.

**I.   INTRODUCTION AND BACKGROUND**

On or about August 16, 2024, Plaintiff Steffon Gillyard ("Plaintiff") commenced this action against FedEx in the Superior Court of the State of Washington for King County, Case No. 24-2-18598-4 KNT, by filing the Class Action Complaint for Damages ("Complaint"). A

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT  – 1
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

true and correct copy of the Civil Cover Sheet is attached hereto as **Exhibit A.** A true and correct copy of the Complaint ("Compl.") is attached hereto as **Exhibit B**. On September 13, 2024, the Complaint was served upon FedEx. *Declaration of Gabriella Wagner in Support of Federal Express Corporation's Notice of Removal* ("*Wagner Decl.*"), ¶ 2.

The Complaint asserts, on behalf of a putative class, that FedEx violated Washington's Industrial Welfare Act, RCW 49.12 *et seq.*; the Washington Administrative Code; the Washington Wage Payment Act, RCW 49.48 *et seq.*; and the Washington Wage Rebate Act, RCW 49.52 *et seq.* by: (1) failing to compensate non-exempt hourly employees for missed or untimely ten-minute rest breaks and thirty-minute meal breaks; (2) failing to pay non-exempt hourly employees for "all hours worked"; and (5) failing to pay non-exempt hourly employees "overtime compensation." *See* Compl. ¶¶ 1.2-1.3, 4.2, 4.5, 5.3-5.7, 5.9, 5.11, 5.14-5.16, 5.19, 6.1-6.5, 7.1-7.6,8.1-8.3, 9.1-9.6.

The Complaint asserts Plaintiff was employed as a Ramp Transport Driver for FedEx from August 2020 to May 2024, and defines the proposed class as "[a]ll current and former non-exempt employees who worked for Defendant in Washington at any time from August 16, 2021 through the date discovery closes." *See* Compl. ¶¶ 3.1, 4.2. Plaintiff seeks an unspecified amount of "compensatory, liquidated, and exemplary damages," including double damages for willful conduct; pre-judgment and post-judgment interest; and attorneys' fees and costs as allowed by law. *See* Compl., Prayer for Relief; ¶¶ 6.6, 7.7, 8.4, 9.6.

## II.  GROUNDS FOR REMOVAL

This action lies within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. Importantly, a notice of removal under CAFA "need not contain evidentiary submissions but

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT  – 2
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197-99 (9th Cir. 2015)). CAFA grants this Court original jurisdiction over class actions when: (1) there are at least 100 members of the putative class; (2) the aggregate amount in controversy exceeds $5 million; (3) at least one defendant is a citizen of a state different from at least one putative class member (i.e., minimal diversity); and (4) the defendants are not states, state officials, or other government entities. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(A and B), and (d)(6). Each of these grounds is satisfied here:

A. **The putative class has over 100 members.**

To be eligible for removal under CAFA, a putative class action must contain at least 100 members. 28 U.S.C. § 1332(d)(5)(B). Here, the Complaint seeks to certify a class of "[a]ll current and former non-exempt employees who worked for Defendant in Washington at any time from August 16, 2021 through the date discovery closes." *See* Compl. ¶¶ 3.1, 4.2.

FedEx's fiscal year runs from June to May. Based on the proposed class period (August 16, 2021 to the end of discovery), FedEx reviewed historical employee data reports from August 20, 2021, June 1, 2022, May 30, 2023, and September 23, 2024 that reflect all *active* non-exempt hourly employees in operations in Washington State on the aforementioned dates. These summaries divide the employees by job and full-time / part-time status and contain the average hourly rate for each job / employee status listed. *See Declaration of Linda Weiss in Support of FedEx's Notice of Removal* ("*Weiss Decl.*") ¶ 5, filed herewith.

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT – 3
bp/GW1292.147/4885-8698-0846

1000 Second Avenue, Suite 2050
Seattle, Washington 98104
Telephone: (206) 623-4100
Fax: (206) 623-9273

The historical employee data shows that on August 20, 2021, FedEx employed approximately 1804 non-exempt hourly employees in Washington State; that on June 1, 2022, FedEx employed approximately 1872 non-exempt hourly employees in operations in Washington State; that on May 30, 2023, FedEx employed approximately 1675 non-exempt hourly employees in operations in Washington State; and that as of September 23, 2024, FedEx employees approximately 1614 non-exempt hourly employees in operations in Washington State. *See Weiss Decl.* ¶ 5. Thus, assuming for the purposes of removal that the Complaint's allegations are true, the 100-person threshold for the proposed class – all current and former non-exempt hourly employees from August 16, 2021 to the present – is easily surpassed.

**B. The aggregate amount in controversy exceeds $5 million.**

CAFA allows removal of a putative class action when the amount in controversy exceeds $5 million, exclusive of interest and costs, aggregated across the class members' claims. 28 U.S.C. § 1332(d)(2). To satisfy CAFA, a defendant does not need to prove this amount with any specificity. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (explaining a notice of removal "need not contain evidentiary submissions"). Instead, when the complaint does not allege a specific amount in controversy, defendant can satisfy CAFA simply "based on reasonable assumption," without going "so far as to prove Plaintiff's case for him by proving the actual rates of violation." *Dawsey v. Travelers Indem. Co.*, 2015 WL 4394545, at *2 (W.D. Wash. July 16, 2015); *see Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT – 4
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

The amount in controversy for CAFA purposes includes, among other types of relief, both statutory damages and attorneys' fees that could be awarded to the class. *Dawsey*, at *3 (including both treble damages and attorneys' fees in the amount in controversy under a CPA claim to satisfy CAFA requirements); *see also Fritsch v. Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy [for purposes of CAFA removal] includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

In this instance, although the Complaint does not state the total amount the putative class could obtain or seeks, the historical employee data reports utilized above demonstrates the proposed class seeks damages in excess of $5 million.[1] Plaintiff seeks to recover damages for any and all unpaid wages owed the putative class, including damages for missed or untimely ten-minute rest breaks and thirty-minute meal breaks; unpaid hourly wages; and unpaid overtime wages. *See* Compl. ¶¶ 4.5, 6.5-6.6, 7.6-7.7, and 8.3-8.4. Plaintiff also seeks attorneys' fees, *see* RCW 49.46.090, and twice the amount of any damages based on the allegation FedEx's unlawful conduct was willful. *See* Compl. ¶¶ 6.6, 7.7, 8.4, 9.6.

Using the historical employee data reports,[2] FedEx has calculated potential damages for two full-time operations jobs during the proposed class period – Ramp Transport Drivers and Courier (Non-DOT). These calculations conservatively assume three missed or untimely

---

[1] The following analysis is provided solely to establish the CAFA's amount in controversy requirement is reasonably met if the Complaint's allegations are accepted as true. This analysis is in no way an admission of any allegations in the Complaint, an admission regarding whether class certification is appropriate, an admission as to the proper method of calculating damages, or an admission that Plaintiff and the putative class is entitled to any relief whatsoever.

[2] *See* Weiss Decl. ¶ 5.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT – 5
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

10-minute rest breaks per week for each employee and one missed or untimely 30-minute meal break per week for each employee. The calculations also conservatively assume 1 unpaid hour at the average hourly rate and 1 unpaid hour at the average overtime rate per week for each employee. As demonstrated below, these calculations show that for just these two positions during the proposed class period, the potential damages exceed $5 million:

**(1) Ramp Transport Drivers ("RTD"):**

- 08/30/21 Historical Data – 67 Full-Time RTD, Average Hourly Rate of $28.80
- 06/01/22 Historical Data – 71 Full-Time RTD, Average Hourly Rate of $30.88
- 05/30/23 Historical Data – 70 Full-Time RTD, Average Hourly Rate of $32.90
- 09/23/24 Historical Data – 63 Full-Time RTD, Average Hourly Rate of $34.01

(a) 08/30/21 to 05/31/22 (39 Weeks):

| | | |
|---|---|---|
| 10 Minute Break (Assume 3 Missed a Week) | $4.80 (value of 10-minute break based on average hourly rate of $28.80) | $4.80 x 3 x 39 weeks = $561.60<br>$561.60 x 67 RTDs = **$37,627.20** |
| 30 Minute Break (Assume 1 Missed a Week) | $14.40 (value of 30-minute meal break based on average hourly rate of $28.80) | $14.40 x 39 weeks = $561.60<br>$561.60 x 67 RTDs = **$37,627.20** |
| 1 Regular hour Missed a Week | $28.80 (average hourly rate) | $28.80 x 39 weeks = $1,123.20<br>$1,123.20 x 67 RTDs = **$75,254.40** |
| 1 Overtime hour missed a Week | $43.20 (overtime rate based on average hourly rate of $28.80) | $43.20 x 39 weeks = $1,684.80<br>$1,684.80 x 67 RTDs = **$112,881.60** |

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT – 6
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

(b) <u>06/01/22 to 05/29/23 (52 Weeks)</u>

| | | |
|---|---|---|
| 10 Minute Break (Assume 3 Missed a Week) | $5.10 (value of 10-minute break based on average hourly rate of $30.88) | $5.10 x 3 x 52 weeks = $795.60<br>$795.60 x 71 RTDs = **$56,487.60** |
| 30 Minute Break (Assume 1 Missed a Week) | $15.30 (value of 30-minute meal break based on average hourly rate of $30.88) | $15.30 x 52 weeks = $795.60<br>$795.60 x 71 RTDs = **$56,487.60** |
| 1 Regular hour Missed a Week | $30.88 (average hourly rate) | $30.88 x 52 weeks = $1,605.76<br>$1,605.76 x 71 RTDs = **$114,008.96** |
| 1 Overtime hour missed a Week | $46.32 (overtime rate based on average hourly rate of $30.88) | $46.32 x 52 weeks = $2,408.64<br>$2,408.64 x 71 RTDs = **$171,013.44** |

(c) <u>05/30/23 to 09/22/24 (68 Weeks)</u>

| | | |
|---|---|---|
| 10 Minute Break (Assume 3 Missed a Week) | $5.40 (value of 10-minute break based on average hourly rate of $32.90) | $5.40 x 3 x 68 weeks = $1,101.60<br>$1,101.60 x 70 RTDs = **$77,112.00** |
| 30 Minute Break (Assume 1 Missed a Week) | $16.20 (value of 30-minute meal break based on average hourly rate of $32.90) | $16.20 x 68 weeks = $1,101.60<br>$1,101.60 x 70 RTDs = **$77,112.00** |
| 1 Regular hour Missed a Week | $32.90 (average hourly rate) | $32.90 x 68 weeks = $2,237.20<br>$2,237.20 x 70 RTDs = **$156,604.00** |
| 1 Overtime hour | $49.35 (overtime rate based on | $49.35 x 68 weeks = $3,355.80 |

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT – 7
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

| missed a Week | average hourly rate of $32.90) | $3,355.80 x 70 RTDs = **$234,906.00** |

**(2) Couriers (Non-DOT):**

- 08/30/21 Historical Data – 224 Full-Time Couriers, Average Hourly Rate $24.45
- 06/01/22 Historical Data – 250 Full-Time Couriers, Average Hourly Rate $24.79
- 05/30/23 Historical Data – 208 Full-Time Couriers, Average Hourly Rate $26.59
- 09/23/24 Historical Data – 183 Full-Time Couriers, Average Hourly Rate $27.71

(a) <u>08/30/21 to 05/31/22 (39 Weeks)</u>:

| 10 Minute Break (Assume 3 Missed a Week) | $4.00 (value of 10-minute break based on average hourly rate of $24.45) | $4.00 x 3 x 39 weeks = $468.00<br>$468.00 x 224 Couriers = **$104,832.00** |
|---|---|---|
| 30 Minute Break (Assume 1 Missed a Week) | $12.00 (value of 30-minute meal break based on average hourly rate of $24.45) | $12.00 x 39 weeks = $468.00<br>$468.00 x 224 Couriers = **$104,832.00** |
| 1 Regular hour Missed a Week | $24.45 (average hourly rate) | $24.45 x 39 weeks = $953.55<br>$953.55 x 224 Couriers = **$213,595.20** |
| 1 Overtime hour missed a Week | $36.67 (overtime rate based on average hourly rate of $24.45) | $36.67 x 39 weeks = $1,430.13<br>$1,430.13 x 224 Couriers = **$320,349.12** |

(b) <u>06/01/22 to 05/29/23 (52 Weeks)</u>

| 10 Minute Break | $4.10 (value of 10-minute break | $4.10 x 3 x 52 weeks = $639.60 |

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT – 8
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

| | | |
|---|---|---|
| (Assume 3 Missed a Week) | based on average hourly rate of $24.79) | $639.60 x 250 Couriers = **$159,900.00** |
| 30 Minute Break (Assume 1 Missed a Week) | $12.30 (value of 30-minute meal break based on average hourly rate of $24.79) | $12.30 x 52 weeks = $639.60<br>$639.60 x 250 Couriers = **$159,900.00** |
| 1 Regular hour Missed a Week | $24.79 (average hourly rate) | $24.79 x 52 weeks = $1,289.08<br>$1,289.08 x 250 Couriers = **$322,270.00** |
| 1 Overtime hour missed a Week | $37.18 (overtime rate based on average hourly rate of $24.79) | $37.18 x 52 weeks = $1,933.36<br>$1,933.36 x 250 Couriers = **$483,340.00** |

(c) <u>05/30/23 to 09/22/24 (68 Weeks)</u>

| | | |
|---|---|---|
| 10 Minute Break (Assume 3 Missed a Week) | $4.40 (value of 10-minute break based on average hourly rate of $26.59) | $4.40 x 3 x 68 weeks = $897.60<br>$897.60 x 208 Couriers = **$186,700.80** |
| 30 Minute Break (Assume 1 Missed a Week) | $13.20 (value of 30-minute meal break based on average hourly rate of $26.59) | $13.20 x 68 weeks = $897.60<br>$897.60. x 208 Couriers = **$186,700.80** |
| 1 Regular hour Missed a Week | $26.59 (average hourly rate) | $26.59 x 68 weeks = $1,808.12<br>$1,808.12 x 208 Couriers = **$376,088.96** |
| 1 Overtime hour | $39.88 (overtime rate based on | $39.88 x 68 weeks = $2,711.84 |

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT – 9
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

| missed a Week | average hourly rate of $26.59) | $2,711.84 x 208 Couriers = **$564,062.72** |
|---|---|---|

The above totals (bolded numbers) amount to $4,389,693.35 in potential damages. Insofar as Washington State law provides the basis for Plaintiff to recover "twice the amount of wages unlawfully rebated or withheld by way of exemplary damages" (RCW 49.52.050; 49.52.070) upon a showing of willful conduct, as has been alleged in this case, the potential damages for just these two jobs alone totals **$8,779,387.20** ($1,207,122.00 (RTD) + $3,182,571.60 (Couriers/Non-DOT) x 2). Importantly, this number does not include attorneys' fees; accounts for only a fraction of the *active* non-exempt hourly operations jobs that fall within the putative class; does not include part-time employees or former employees; does not include any potential damages after 09/23/24 through the end of discovery; and is based on a conservative estimate of missed or untimely rest breaks and unpaid hours consistent with Plaintiff's allegation that FedEx engaged in willful, systematic, and unlawful compensation practices.

Therefore, based on the above, there is a reasonable assumption that the amount in controversy exceeds $5 million.

**C. Minimum Diversity is satisfied.**

The Complaint satisfies the minimal diversity requirement of CAFA. CAFA supports removal if any defendant is a citizen of a different state than any one class member. 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff alleges he resides and works in the state of Washington, and alleges FedEx is a "Delaware corporation" with operations in the state of Washington. *See*

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT – 10
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Compl. ¶¶ 2.1, 3.2. The Complaint also limits the class to all "current and former non-exempt employees who worked for Defendant in Washington." *See* Compl. ¶ 4.2.

Minimal diversity is thus satisfied here because FedEx, which is a corporation, is not a citizen of Washington State. A corporation is considered a citizen of the state of its incorporation as well as the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business is its "nerve center" or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 92-93. Here, FedEx is incorporated in Delaware, and its headquarters are in Memphis, Tennessee. *See* Weiss Decl. ¶ 6. FedEx is therefore a citizen of Delaware and Tennessee. Accordingly, CAFA's minimal diversity requirements are satisfied.

**D. The defendant is not a government entity.**

FedEx is a corporation. It is not a government entity of any sort.

### III. REMOVAL IS TIMELY

Plaintiff filed this class action on August 16, 2024, and effected service of the summons and Complaint on FedEx on or about September 13, 2024. This notice is filed within 30 days of that service, as required by 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (30-day removal period begins on service of summons and complaint). Removal of this action is therefore timely. *See* LCR 3(e); 28 U.S.C. §§ 128, 1441(a).

### IV. INTRADISTRICT ASSIGNMENT

Removal to the Seattle Division of the Western District of Washington is appropriate because the allegations in the Complaint indicate that Plaintiff's claims arose in Washington

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT – 11
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

State, and because the Seattle division encompasses the place where the action is pending. *See* LCR 3(d).

## V. NOTICE TO STATE COURT AND PROPER FILING OF RECORDS

Pursuant to 28 U.S.C § 1446(d), copies of this *Notice of Removal* are being concurrently served upon Plaintiffs' counsel as well as filed with the Clerk of the King County Superior Court.

Defendant reserves the right to amend or supplement this *Notice of Removal.* Further, should Plaintiffs file a motion to remand this case, Defendant respectfully requests the opportunity to respond more fully in writing, including with the submission of affidavits or other evidence and authorities. By filing this *Notice of Removal*, Defendants do not waive, and expressly reserve, all defenses available under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully requests that this case, which is currently pending in the Superior Court of King County, be placed on the docket of the United States District Court for the Western District of Washington at Seattle.

DATED this 11th day of October, 2024.

By *s/Gabriella Wagner*
Gabriella Wagner, WSBA #42898
WILSON SMITH COCHRAN DICKERSON
1000 Second Avenue, Suite 2050
Seattle, WA  98104
Telephone: 206-623-4100 / Fax: 206-623-9273
Email: wagner@wscd.com
Of Attorneys for Defendant

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT  – 12
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## **VERIFICATION**

Pursuant to Western District of Washington Local Rule 101(b), the undersigned counsel for defendant Federal Express Corporation, hereby verifies that the Complaint attached hereto as **Exhibit B** is a true, correct, and complete copies of the operating complaint in this matter. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Seattle, Washington this 11TH day of October, 2024.

By *s/Gabriella Wagner*
Gabriella Wagner, WSBA #42898
WILSON SMITH COCHRAN DICKERSON
1000 Second Avenue, Suite 2050
Seattle, WA  98104
Telephone: 206-623-4100 / Fax: 206-623-9273
Email: wagner@wscd.com
Of Attorneys for Defendant

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT – 13
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

# CERTIFICATE OF SERVICE

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I caused to be served the foregoing document on:

| **Attorney for Plaintiff** | **Attorney for Plaintiff** |
|---|---|
| Gregory A. Wolk<br>Hardeep S. Rekhi<br>Erika Lane<br>REKHI & WOLK, P.S.<br>529 Warren Avenue N., Suite 201<br>Seattle, WA 98109<br>(  ) Via U.S. Mail<br>(  ) Via Facsimile: 206-577-3924<br>(  ) Via Hand Delivery<br>(X) Via CM/ECF<br>(  ) Via Email: greg@rekhiwolk.com<br>(  ) Via Email: hardeep@rekhiwolk.com<br>(  ) Via Email: elane@rekhiwolk.com | Nicolas J. Ferraro<br>Ferraro Vega Employment Lawyers, Inc.<br>3333 Camino del Rio South, Suite 300<br>San Diego, California 92108<br>(  ) Via U.S. Mail<br>(  ) Via Facsimile<br>(  ) Via Hand Delivery<br>(X) Via CM/ECF<br>(  ) Via Email: nick@ferrarovega.com |

**SIGNED** this 11th day of October, 2024, at Seattle, Washington.

*s/Becky Phares*
Becky Phares

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT – 14
bp/GW1292.147/4885-8698-0846

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273